FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 28 2011 ★
LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BASHIE LOWENBEIN )
And DOVI LOWENBEIN )
on behalf of themselves )
and all similarly situated consumers )
        Plaintiffs, )
)
-against- )
)
)
CLIENT SERVICES, INC. )
)
)
)
)
        Defendant. )

CV-11 5779

COGAN, J.

SUMMONS ISSUED

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiffs Bashie Lowenbein and Dovi Lowenbein seek redress for the illegal practices of Client Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006) (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b) Debt collectors ... should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters). Defendant has blatantly ignored the

-1-

suggestion of Judge Karas in the *Foti* case and contacted the plaintiffs as is set forth below. Plaintiffs also include claims under the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiffs are citizens of the State of New York who resides within this District.

3. Plaintiffs are consumer[s] as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs is a consumer debt.

4. Defendant's principal place of business is located in Missouri.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiffs.

10. During the past year, the defendant attempted to contact the plaintiffs 654 times.

11. Said amount is made with the intent to annoy and harass the plaintiffs.

12. The defendant contacted plaintiff Dovi Lowenbein on February 25, 2011 and left a message purportedly to obtain location information.

13. The defendant had the proper telephone number for Dovi Lowenbein but failed to leave the proper disclosure that it was a communication from a debt collector.

14. There was a second message left on February 25, 2011 which also failed to indicate that it was a communication from a debt collector.

15. The defendant left a message for plaintiff Dovi Lowenbein on March 14, 2011 without disclosing that it was a communication from a debt collector.

16. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

17. The defendant contacted plaintiff Bashie Lowenbein nine times on May 25, 2011 and hung up after each call.

18. The times on May 25, 2011 were as follows:

5/25/2011 10:32:46

5/25/2011 10:34:01

5/25/2011 10:35:13

5/25/2011 11:32:04

5/25/2011 11:33:13

5/25/2011 11:34:20

5/25/2011 7:40:13 p

5/25/2011 7:42:19 p

5/25/2011 7:43:23 p

19. The defendant engaged in such conduct with the intent to annoy the plaintiff.

15. The said telephone message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(10) and 1692e(11).

16. The said message was left at a wireless number where the plaintiff was charged for the call.

17. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

18. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

19. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

20. On July 5, 2011 and July 30, 2011 the defendant where the telephone numbers 201-746-4660 and 201-746-4677 appeared as the caller ID.

21. The defendant intentionally tampered with the caller ID so that the number appeared like it was originating in New Jersey.

22. Said tampering is a violation of the FDCPA. *See FTC v. EMC Mortgage Corp. et. al.* (USDC-EDTX –Sept. 9, 2008).

23. The said telephone contacts are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(10) and 1692e(11).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs Bashie Lowenbein and Dovi Lowenbein on behalf of themselves and the members of a class, as against the defendant.*

24. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-23 as if set forth fully in this Cause of Action.

25. This action is brought on behalf of plaintiff and the members of four classes.

26. Class A consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692e(11) and 1692e(10).

27. Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a service where the consumer was charged for the call, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

28. Class C consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone caller ID was manipulated to give the false impression that the call originated from New

Jersey, and (c) that the telephonic attempt was in violation 15 U.S.C. § 1692e and 1692e(10).

29. Class D consists of all persons whom Defendant's records reflect resided in New York and were left numerous telephonic messages or attempts from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone calls were an attempt to harass and annoy the consumer, and (c) that the telephonic attempts were in violation 15 U.S.C. § 1692d.

30. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages and attempts are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-

abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

31. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

34. The actions of the defendant violate the Fair Debt Collection Practices Act.

35. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the classes are entitled to damages in accordance with the Fair Debt Collection Practices Act.

### AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiffs*

36. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

37. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating 654 telephone calls to the plaintiff's wireless telephone numbers using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

38. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant also without having included the proper name of the defendant or any name for that matter.

39. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

40. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

41. Plaintiffs assert that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

42. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using

a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

43. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

44. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

45. Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

46. In addition, on or about many occasions, the defendant contacted the plaintiff where the defendant disguised the caller ID so that it showed that the call was from an unidentified 201 number.

47. In December 2010 Congress passed the Truth in Caller ID Act of 2009 amending Section 227 (TCPA) of the Communications Act of 1934 (See Pub L No 111-331 2010 47 U.S.C 227(e) prohibition on provision of deceptive caller ID information) The Truth in Caller ID Act of 2009 makes it unlawful for any person to transmit misleading or inaccurate caller ID information with the intent to defraud or deceive The legislation was an attempt to prevent spoofing and to address fraudulent phone calls, credit card fraud and identity theft and protect legitimate use of caller ID (See 156 Cong. Rec. H8376, H378 - Dec 15 2010) Under the amendment violators are subject to civil forfeiture penalties totaling up to $1,000,000 and criminal fines which can be combined with imprisonment (47 U.S.C 227(e)(5), 501).

The ACA International's General Counsel has acknowledged that the Truth in Caller ID Act applies to third-party debt collectors, creditors, and asset buyers as well as any other individual who may manipulate caller ID information (See Valerie Hayes ACA s Angle New Truth in Caller ID Act Brings Important Changes for Companies That Call Consumers (Feb, 8, 2011) http://accountsrecovery.net/profiles/blogs/acas-angle-new-

-10-

truth-in-caller.

Although the truth in caller Id act does not explicitly provide for a private cause of action, a private cause of action against service providers is available to individuals for violations of the Act under 227(e) in conjunction with 207 of the Communications Act of 1934 See 47 U.S.C. 207 (any person who claims to be damaged under Chapter 5 of the Title 47, the Communications Act of 1934, may file a complaint with either the FCC or a federal district court to pursue damages).

### *Violations of the Telephone Communications Privacy Act*

48. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing

-11-

purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

49. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

50. Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act and for caller ID manipulation.

51. The actions of the defendant violate the TCPA.

52. Because the defendant intentionally violated the TCPA, the plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in his their and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 8, 2011

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-13-