## ADAM J. FISHBEIN, P.C.
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

January 6, 2012

The Honorable Brian M. Cogan
Untied States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE:** **Bashie and Dovi Lowenbein v. Client Services, Inc.**
> **United States District Court, Eastern District of New York**
> **Docket Number – 1:11-cv-05779-BMC**

Dear Judge Cogan:

As per Your Honor's Scheduling Order dated November 30, 2011, the parties submit the current correspondence which provides a description of both Plaintiffs' allegations and Defendant's defenses regarding the above-referenced matter in advance of the Initial Status Conference for this matter which is scheduled for January 11, 2012 at 4:30 p.m.

**BY PLAINTIFFS:**

It is Plaintiffs Bashie & Dovi lowenbein's contention that Client Services, Inc. ("CSI") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in its attempts to collect the alleged debt obligations from both Plaintiffs in this matter. First, in regard to Plaintiffs' claims that CSI violated the FDCPA (on both an individual and class basis), the debt obligations that CSI was attempting to recover in this matter were as a **matter of fact** personal debts which arose out of transactions that were primarily for personal, family, or household purposes to the extent that one of the many debts that CSI attempted to collect from the plaintiffs were possibly labeled as a "business" account, the use of the proceeds by the plaintiff was primarily for personal, family and/or household purposes, as thus is a "debt" as that term is defined by 15 U.S.C. §1692a(5) See[1]  Bloom v. I.C. Sys., Inc., 972

---

[1] See also Slenk v. Transworld Sys., 236 F.3d 1072, 1075 (9th Cir. Haw. 2001) (In determining whether debt is a consumer debt, neither lender's motives nor fashion in which loan is memorialized is dispositive; court must and always will look to substance of transaction and borrower's purpose in obtaining and using the loan, rather than the form alone.) Dean v. Monslow, 2005 U.S. Dist. LEXIS 15303 (D. Kan. July 11, 2005) (Following Slenk) Calo-Rivera v. Banco Popular, 2006 U.S. Dist. LEXIS 35765 (D.P.R. May 31, 2006) (Following Slenk) Nix v. Welch & White, P.A., 2001 U.S. Dist. LEXIS 10364 (D. Del. July 18, 2001) (The borrower's intended use of the loan proceeds, not the lender's expectations, determined the purpose of the debt.) Perk v. Worden, 475 F.Supp.2d 565, 569 (E.D. Va. 2007) (The court noted

F.2d 1067 (9th Cir. 1992) (In determining whether a loan fit the definition of "debt" for a claim under the FDCPA the court will look at the actual purpose of the loan; neither the lender's motives nor the manner of loan was dispositive. A consumer debt is defined as "any obligation ... of a consumer to pay money arising out of a transaction in which the money ... which [is] the subject of the transaction [is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Under this definition, the use of the proceeds by the borrower is paramount. The motive or intent of the lender is irrelevant.)

It is important to note that the debts at issue in this current matter were many different personal accounts allegedly owed by the plaintiffs. But at no time did plaintiff Dovi Lowenbein ever have a business account with capital one for a business FWC Networks rather plaintiff Dovi lowenbein had alleged personal debt obligations to other banks of which defendant makes no mention.

It is clear from the facts that CSI harassingly and continuously called the Plaintiffs 654 times in regards to the collection of quite a few personal debt obligations and each and every violation of the FDCPA and TCPA occurred during the attempts to collect **each** obligation. To the extent that CSI will attempt to invoke a Bona fide error defense in regards to the business labeled account no such defense exists since had CSI known that it was a personal debt CSI would not have done anything different as CSI as a matter of pattern and practice employs the following collection procedures that violate the FDCPA (which was also evident through its collection activity of **all** plaintiffs' accounts) 1)leaves location information voicemail messages with out the Mini Miranda warning 2) leave messages on answering machines. See[2] Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D.

---

that the debt at issue was not actually incurred until Plaintiff used the card, as opposed to when Plaintiff applied for the card. Although Plaintiff applied for a corporate card, she did not incur the debt until it was used for her personal purposes. The court denied the defendant's motion to dismiss that claimed the absence of a ''consumer'' debt, where the plaintiff alleged that she used the admittedly business-designated credit card for personal purposes: ''The Plaintiff alleges that the 'debt' in the instant case arose out of transactions where the subject was for personal purposes. Plaintiff may well have violated the terms of the corporate credit card agreement by incurring personal debt with it, but that fact, even if true, cannot change the character of the debt and take it out of the FDCPA's jurisdiction.'' debt collectors did not have "bona fide error" defense under 15 USCS § 1692k(c) as debt collectors knew or should have known nature of debt. Sheehan v. Mellon Bank, N.A., 1995 U.S. Dist. LEXIS 13457 (E.D. Pa. Sept. 7, 1995) (Determining whether an obligation is a consumer or business debt for FDCPA purposes requires an examination of the nature of the transaction from which the debt arose) Clark v. Brumbaugh & Quandahl, P.C., 731 F. Supp. 2d 915 (D. Neb. 2010) (The plaintiff testified that she used her commercial credit card account for personal, family, or household purposes. The court found that "[a]lthough [the defendant] is correct in its contention that the Account was opened . . . ostensibly for commercial purposes, the court must focus on the nature of the debt that was incurred, and not the purpose for which the Account was opened) Vick v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 33348) (E.D. Tex. Mar. 7, 2011) (Although defendant is correct in its contention that the Account was opened on behalf of a corporation ostensibly for commercial purposes, the court must focus on the nature of the debt that was incurred, and not the purpose for which the Account was opened.) Shafe v. Tek-Collect, Inc., 2007 U.S. Dist. LEXIS 90665 (W.D. Mo. Dec. 7, 2007) (Holding that the "FDCPA is concerned with the substance of the transaction as opposed to the form.) Holman v. West Valley Collection Servs., 60 F. Supp. 2d 935 (D. Minn. 1999) (Holding that the nature of the debt is judged by the substance of the transaction that incurs the debt)
Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. La. 1999) (Holding that loan documents are not dispositive in determining the character of a loan and that we look to the substance of the transaction rather than the form alone) Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. Ill. 2000) (stating that whether a debt is a "consumer debt" under the FDCPA depends on "the transaction out of which the obligation to repay arose, not the obligation itself ) Moss v. Cavalry Invs., L.L.C., 2004 U.S. Dist. LEXIS 24990, 3-4 (N.D. Tex. Sept. 20, 2004) Fact issue of the debts nature causes denial of defendants summary judgment. Plaintiff obtained a credit card from Advanta Bank plaintiff represented that the card was for her business, Plaintiff also admitted at her deposition that she used the Advanta credit card to make business purchases. However plaintiff also states that the Advanta business card was used primarily for personal charges. Debts arising from these types of transactions are covered by the FDCPA.)

[2] Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals, 11th Circuit 2009,(explaining that the FDCPA does not guarantee debt collectors the right to leave answering machine messages) Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b) Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters) Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010) (Defendant's motion to dismiss denied. "This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b).") Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008) (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions

Kan. Mar. 23, 2011): stating that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b)  3) Deceptively Manipulates the caller ID[3] 4) causing plaintiff's to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.[4] 5) calling and to continuously ringing plaintiffs phone so many times with the intent to annoy harass.

    Second, in regards to Plaintiffs' claims that CSI violated the TCPA, CSI' claims that the calls that were placed by CSI in its efforts to collect the business debt obligation owed by FWC Networks (ironically forgetting that the Capital One debt was also allegedly incurred by Plaintiff Bashie Lownbein and forgetting the other Plaintiff in this case and the other debts CSI attempted to collect in this case) in this matter are specifically exempted from liability under the TCPA through order of the Federal Communications Commission as the calls were intended solely for the collection of the debt owed by FWC Networks and for no other purpose.

    Defendant cites to <u>Santino v. NCO Fin. Sys.</u>, 2011 U.S. LEXIS 18185 (W.D.N.Y. 2011) the other cases plaintiff cites are a direct verbatim cite from cases quoted in <u>Santino v. NCO Fin. Sys.</u>,  In its attempt to mislead the court plaintiff conveniently leaves out that the order of the Federal Communications Commission and <u>Santino v. NCO Fin. Sys.</u>, specifically deal with TCPA exemption for debt collectors and creditors to call residential landline

---

of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer A third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector... we follow reasoning similar to Foti to find no reason that a debt collector has an entitlement to use this particular method of communication. Debt collectors have other methods to reach debtors including postal mail, in person contact, and speaking directly by telephone. ) <u>FTC v. Check Enforcement</u>., No. Civ. A. 03-2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005) (leaving messages on the debtor's home answering machines, heard by third parties, was a violation of § 1692c(b)) defendants left messages on home answering machines, which were overheard by family members and other third parties, Thus, defendants have in fact engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA.) <u>ZORTMAN v. JC CHRISTENSEN & ASSOCIATES, INC.</u>, Dist. Court, Minnesota 2011 (the court found an FDCPA violation where a pre-recorded message containing debt information was left on a debtor's voicemail and overheard by the debtor's family members and neighbors Because the FDCPA is a strict liability statute that explicitly includes an intent element when required, a plaintiff need not plead deliberate or purposeful disclosure to third parties to state a claim under § 1692c(b)) <u>Cordes v. FREDERICK J. HANNA & ASSOCIATES, PC</u>., Dist. Court, Minnesota 2011, ( - Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple messages on her home voicemail that were overheard by others The Court granted her motion. Reaffirming the zortman decision - Where Congress wanted to include an intent element as part of an FDCPA violation, it has done so explicitly and the FDCPA is a strict-liability statute, "which conflicts with requiring deliberate or purposeful intent ("The FDCPA, including § 1692c(b), is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability."). In addition the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium. Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicate with a third party in order to be held liable <u>Gryzbowski v. IC System, Inc.</u>, 691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010 (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.)<u>Carman v. CBE GROUP, INC.</u>, Dist. Court, D. Kansas 2011 (under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so) <u>Chalik v. Westport Recovery Corp.</u>, 677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009 (FDCPA did not guarantee debt collector right to leave answering machine messages) <u>Mark v. JC CHRISTENSEN & ASSOCIATES, INC.</u>, Dist. Court, Minnesota 2009 (The Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient.. . . [The defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA ,but because the method they have selected to collect debts has put them there)

[3] See also <u>FTC v. EMC Mortgage Corp. et. al</u>. USDC-EDTX –Sept. 9, 2008  " in numerous instances, EMC has made collection calls using cell phones that display only the borrower's local area code on the borrower's caller identification display ("caller ID"), and without identifying its name on the caller ID. EMC has used .. caller ID in this fashion notwithstanding that EMC was not calling from the borrower's local area code. --  See also **The 2008 FTC Workshop Report** "Debt collectors who convey false or misleading information (such as telephone numbers) to consumers through Caller ID violate the FDCPA and Section 5 of the FTC Act. Prior private actions indicate that a debt collector who makes a false or misleading representation in this context violates the FDCPA. The Commission has affirmed that this practice violates both the FDCPA and Section 5."

[4] See <u>ACA International Blueprint at a Glance for 2011</u> acknowledging that the FDCPA prohibits collectors from imposing additional telephone charges on consumers without disclosing the purpose of the call. And that some cell phone plans that cause a consumer to incur a charge for each call received by the consumer.

telephones.[5] But no such exemption exists when a debt collector calls a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.[6]

---

[5] See. Stuart v. AR RESOURCES, INC., Dist. Court, ED Pennsylvania 2011 (Holding that the exemption for a debt collector to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a Debt Collector  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Bates v. IC System, Inc., Dist. Court, WD New York 2009 (Holding that debt collection calls to a residential line are exempt from the TCPA. See 47 U.S.C. § 227b(1)(B). However, with regard to debt collection calls, to any telephone number assigned to service which the party is charged for the call that those calls are governed by 47 U.S.C. § 227b(1)(A)(iii) Making such Debt collection calls unlawful)  Anderson v. AFNI, Inc., 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. May 11, 2011) (Holding that debt collection calls to a residential line are exempt from the TCPA. See 47 U.S.C. § 227b(1)(B). However, with regard to deb collection calls, to any telephone number assigned to service which the party is charged for the call that those calls are governed by 47 U.S.C. § 227b(1)(A)(iii) Making such Debt collection calls unlawful) Pugliese v. Prof'l Recovery Serv., 2010 U.S. Dist. LEXIS 64111 ( E.D. Mich. June 29, 2010) (Holding that the exemption for a debt collector to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a Debt Collector  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Zehala v. American Express., 2011 U.S. Dist. LEXIS 109697 (S.D. Ohio Sept. 26, 2011) (Holding that the exemption for a creditor to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a creditor  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Bentley v. Bank of America., N.A., 773 F. Supp. 2d 1367 (S.D. Fla. 2011) (Holding that the exemption for a creditor to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a creditor  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call )

[6] See. Robinson v. MIDLAND FUNDING, LLC., Dist. Court, SD California 2011 (Holding that a debt collector cannot use a prerecorded voice or a automatic telephone dialing system to call any telephone number assigned to a . cellular phone or any service for which the called party is charged for the call.) Sengenberger v. CREDIT CONTROL SERVICES, INC., Dist. Court, ND Illinois 2010 (Holding that under the TCPA 47 U.S.C. § 227(b)(1)(A)(iii). It is unlawful for a Debt Collector: (A) to make any call (other than a call made for emergency purposes or with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Daniel v. WEST ASSET MANAGEMENT, INC., Dist. Court, ED Michigan 2011 (Holding that a claim clearly indicating a debt collection call was made to service that is a "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" may be actionable under 47 U.S.C. § 227(b)(1)(A)(iii)) Jenkins v. ALLIED INTERSTATE, INC., Dist. Court, WD North Carolina 2009 (Holding that the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful for a debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .(iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.) Moore v. FIRSTSOURCE ADVANTAGE, LLC., Dist. Court, WD New York 2011 (Holding that the TCPA 47 U.S.C. §§ 227(b)(1)(A)(iii) makes it unlawful for a Debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — ...(iii) to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call.) Ortega v. Collectors Training Inst. of Ill., Inc., 2011 U.S. Dist. LEXIS 6282 (S.D. Fla. Jan. 21, 2011) (Holding that it is unlawful for a debt collector to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call) Edeh v. Midland Credit Mgmt., 2010 U.S. Dist. LEXIS 103918 (D. Minn. June 4, 2010) (Holding that it is unlawful for a debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . .(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .47 U.S.C. § 227(b)(1)(A)(iii))  Versteeg v. BENNETT, DELONEY & NOYES, PC., 775 F. Supp. 2d 1316 - Dist. Court, D. Wyoming 2011 Holding that The TCPA places special prohibitions on debt collection calls to cellular telephones and similar communication devices. In particular, the statute prohibits "any person" from: [M]aking any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. §227(b)(1)(A)(iii))  Jachimiec v. Regent Asset Mgmt. Solutions., 2011 U.S. Dist. LEXIS 56956 (S.D. Cal. May 26, 2011) (Holding that Debt collectors who make auto-dialed or prerecorded calls to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call are in violation of the TCPA) Rivas v. Receivables Performance Mgmt., LLC, 2009 U.S. Dist. LEXIS 129378 (S.D. Fla. Sept. 1, 2009) (Holding that it is unlawful for a debt collector  . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.) Nicholas v. Nationwide Credit, Inc., 2010 U.S. Dist. LEXIS 10442 (S.D. Fla. Feb. 8, 2010) (Holding that it is unlawful for a debt collector to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). Hurrey-Mayer v.

January 6, 2012
Page 5

---

    Defendant fails to point out to the court that the plaintiff makes no TCPA claim for calls made to a residential landline, rather the claim plaintiffs make is regarding calls CSI made to a wireless number that is assigned to a service where the called party was charged for the call.[7]

    As such, it is Plaintiffs' position and the case law is clear that CSI violated the TCPA and FDCPA

    **BY DEFENDANT:**

It is Defendant, Client Services, Inc.'s ("CSI"), contention that it did not violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") or the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in its attempts to collect a valid and delinquent debt obligation as alleged by Plaintiffs in this matter. First, in regard to Plaintiffs' claims that CSI violated the FDCPA (on both an individual and class basis), the debt obligation that CSI was attempting to recover in this matter was a business debt obligation owed by FWC Networks to Capital One Bank (USA), N.A. It is well-settled that the FDCPA only applies to debt obligations which were incurred primarily for personal, family or household purpose and does not apply to non-consumer debts. See 15 U.S.C. § 1692a(5); See also <u>National Union Fire Ins. Co. v. Schulman</u>, 1990 U.S. Dist. LEXIS 10409, *3-4 (S.D.N.Y. 1990) citing <u>Staub v. Harris</u>, 626 F.2d 275, 278 (3rd Cir. 1980) ("There is nothing in the language or the history of the FDCPA to lead us to believe that Congress intended to extend the scope of the Act to encompass debtors of any kind other than consumer debtors"); <u>Zimmerman v. HBO Affiliate Group</u>, 834 F.2d 1163, 1168-69 (3rd Cir. 1987) ("We find that the type of transaction which may give rise to a 'debt' as defined in the FDCPA, is the same type of transaction as is dealt with in all other subchapters of the Consumer Credit Protection Act, i.e., one involving the offer or extension of credit to a consumer. Specifically it is a transaction in which a consumer is offered or extended the

---

<u>Wells Fargo Home Mortg., Inc.</u>, 2009 U.S. Dist. LEXIS 103039 (S.D. Cal. Nov. 4, 2009) (Holding that unless calls are "made with the prior express consent of the called party it is unlawful for a creditor or servicer .. to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any  automatic telephone dialing system or an artificial or prerecorded voice- - … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]47 U.S.C. § 227(b)(1)(A)(iii)) <u>Reyes v. Saxon Mortg. Servs.</u>, 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009) (Holding that unless calls are "made with the prior express consent of the called party it is unlawful for a creditor (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice- - … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.] 47 U.S.C. § 227(b)(1)(A)(iii))

[7] See. <u>Kane v. Nat'l Action Fin. Servs.</u>, 2011 U.S. Dist. LEXIS 141480 ( E.D. Mich. Nov. 7, 2011) (Holding that a debt collector is prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any  service for which the called party is charged for the call 47 U.S.C. § 227(b)(3)**  (emphasis added by the court). a cursory review of the provision reveals that the phrase "or any service for which the called party is charged for the call" stands as a separate category unto itself, for which claims against a debt collector could arise under the TCPA) <u>Gutierrez v. Barclays Group.</u>, 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011) (Holding that a creditor is prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call 47 U.S.C. § 227(b)(3) The court noted that the last phrase of this section "or any service for which the called party is charged for the call" does not modify all the previous phrases as such a "interpretation violates the doctrines of last antecedent and interpreting disjunctives" rather "any service for which the called party is charged for the call" stands as a separate category unto itself, for which claims against a creditor could arise under the TCPA)

right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to defer payment"); See also <u>Bank of Boston International of Miami v. Arguello Tefel</u>, 644 F. Supp. 1423, 1430 (E.D.N.Y. 1986) (doubtful that loan taken to purchase interest in a textile company is a debt as defined by section 1692(a)(5)).  As the debt at issue in the current matter was a debt incurred as a result of business practices and not a consumer debt as required under the FDCPA, CSI was not required to comply with the FDCPA in attempting to collect the debt at issue and, thus, it did not violate the FDCPA on either an individual or class basis.

     Second, in regard to Plaintiffs' claims that CSI violated the TCPA, it is CSI's contention that the calls that were placed by CSI in its efforts to collect the business debt obligation owed by FWC Networks in this matter are specifically exempted from liability under the TCPA through order of the Federal Communications Commission as the calls were intended solely for the collection of the debt owed by FWC Networks and for no other purpose.  See <u>Santino v. NCO Fin. Sys.</u>, 2011 U.S. LEXIS 18185 (W.D.N.Y. 2011) (prerecorded calls intended solely for the collection of a debt—even calls received by non-debtors—are specifically exempted from the TCPA's coverage by rule and order of the FCC.) See also <u>Meadows v. Franklin Collection Service, Inc.</u>, 2010 U.S. Dist. LEXIS 72340 (N.D. Ala. June 25, 2010) (FCC's determination that all debt collection circumstances are excluded from TCPA's coverage is broad enough to cover debt collection calls to non-debtor), aff'd in relevant part, 414 Fed. Appx. 230, 2011 U.S. App. LEXIS 2779 (11th Cir. Feb. 11, 2011); <u>Pugliese v. Professional Recovery Service, Inc.</u>, 2010 U.S. Dist. LEXIS 64111 (E.D. Mi. June 29, 2010) (automated debt collection calls made to plaintiffs' residential telephone line are exempt from the TCPA's requirements) (citing <u>Bates v. I.C. Systems, Inc.</u>, 2009 U.S. Dist. LEXIS 96488 (W.D.N.Y., Oct.19, 2009) ("[D]ebt collection calls made to a residential line are exempt from the TCPA.")).  As such, it is CSI's position that Plaintiffs cannot maintain a viable cause of action pursuant to the TCPA against CSI due to the fact that the calls that were made by CSI in its attempts to collect a debt owed by FWC Networks are excluded from the TCPA's coverage as the calls were intended solely for the collection of the debt at issue and for no other purpose.

     In sum, CSI did not violate the FDCPA or the TCPA in its attempts to collect a valid and delinquent debt obligation owed by FWC Networks to Capital One Bank (USA), N.A.  CSI will determine the likelihood of the filing of a dispositive motion in this matter after the conclusion of discovery.

     The parties to this matter look forward to the January 11, 2012 Initial Status Conference.

                                Respectfully submitted,

---

                Adam J. Fishbein
                Attorneys for Plaintiffs
                Bashie Lowenbein and Dovi Lowenbein


                Jeffrey J. Imeri
                Attorneys for Defendant
                Client Services, Inc.