UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BASHIE LOWENBEIN and DOVI LOWENBEIN** on behalf of themselves and all similarly situated consumers,<br><br>   Plaintiffs,<br>vs.<br><br>**CLIENT SERVICES, INC.,**<br><br>   Defendant. | CIVIL ACTION NO.<br><br>1:11-CV-05779-BMC<br><br>ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES |

NOW COMES Defendant, Client Services, Inc. ("CSI"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and in answer to the Class Action Complaint of Plaintiffs, Bashie Lowenbein and Dovi Lowenbein, respectfully avers:

**ANSWER TO INTRODUCTION**

1.      Admitted in part and denied in part.  CSI admits that Plaintiffs have brought the current action pursuant to the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692a, *et seq*. and the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227, *et seq*.  CSI denies violating the FDCPA and the TCPA and denies these allegations to the extent they aver any violative conduct on the part of CSI.

1

## ANSWER TO PARTIES

2. Admitted. CSI admits, based on information and belief, that Plaintiffs are citizens of New York who reside within the District.

3. Denied. The allegations contained in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

4. Admitted. CSI admits that its principal place of business is located in Missouri.

5. Admitted in part and denied in part.. CSI admits that, at times, it engages in the collection of debt obligations that are owed to others. Unless otherwise admitted, CSI denies the remaining allegations in this paragraph.

6. Denied. The allegations contained in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

7. Denied. The allegations contained in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

8. Denied. The allegations contained in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

9. Denied. CSI denies that it attempted to collect consumer debts owed by Plaintiffs as its records reflect that it was attempting to collect an obligation incurred by a business entity

10. Denied. CSI denies that, during the past year, it attempted to contact plaintiffs 654 times as its records reflect that it placed calls to a business entity in its attempts to collect a valid and delinquent debt obligation owed by said entity.

11. Denied. CSI denies that it had the intent to annoy or harass Plaintiffs in its attempts to collect a valid and delinquent business debt obligation.

12. Denied. CSI denies that it contacted Plaintiff, Dovi Lowenbein, on February 25, 2011 and denies that it left a message to obtain location information as its records reflect that it did not place any telephone calls on February 25, 2011 in its attempts to collect a business debt. In fact, CSI's records show that it did not begin attempting to collect the business debt obligation at issue until March 14, 2011. CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

13. Denied. CSI denies that it left a message for Plaintiff, Dovi Lowenbein, on February 25, 2011 and, therefore, denies the allegations that the alleged message left failed to disclose that the communication was from a debt collector. Strict proof of the allegations contained in this paragraph is demanded of Plaintiffs at the time of trial of this matter.

14. Denied. CSI denies that it left any messages for Plaintiff, Dovi Lowenbein, on February 25, 2011 in its attempts to collect a valid and delinquent business debt as its records reflect that it did not place any telephone calls on February 25, 2011 in its attempts to collect the business debt obligation at issue. CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

15. Denied. CSI denies that it left any messages for Plaintiff, Dovi Lowenbein, on March 14, 2011 in its attempts to collect a valid and delinquent business debt as its records reflect that it did not leave any messages for any party on March 14, 2011 in its attempts to collect the business debt obligation at issue. CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

16. Denied. CSI denies that it has engaged in a pattern of leaving messages without making the proper disclosures pursuant to 15 U.S.C. 1692(e). CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their respective proofs.

17. Denied. CSI denies that it contacted Plaintiff, Bashie Lowenbein, nine times on May 25, 2011 and further denies that it hung up after each call. To the contrary, CSI responds that its records reflect that its representatives placed three telephone calls on May 24, 2011 in the course of its efforts to recover on a valid and delinquent business debt. Strict proof of the allegations contained in this paragraph are demanded of Plaintiffs at the time of trial of this matter.

18. Admitted in part and denied in part. CSI admits that it placed telephone calls on May 25, 2011 at 10:32 am and 10:34 am in the course of its efforts to recover on Plaintiffs' business debt. CSI denies that it placed telephone calls at the other times listed by Plaintiffs in this paragraph in its attempts to collect the business debt obligation at issue. Strict proof of the allegations contained in this paragraph is demanded of Plaintiff at the time of trial of this matter.

19. Denied. CSI denies that it conduct in attempting to collect the business debt at issue was done with the intent to annoy Plaintiff, Bashie Lowenbein. Strict proof of the allegations contained in this paragraph is demanded of Plaintiffs at the time of trial of this matter.

15. Denied. CSI denies that it left any voicemail messages as alleged by Plaintiffs regarding its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter. The remaining allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

16. Denied. CSI denies leaving voice messages for Plaintiff on any wireless numbers associated with Plaintiffs in its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter. Strict proof of the allegations contained in this paragraph is demanded of Plaintiffs at the time of trial of this matter.

17. Denied. CSI denies that it caused Plaintiffs to incur any charges for wireless services in its attempts to collect the valid and delinquent business

debt obligation that is at issue in this matter. CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

18. Denied. The allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

19. Denied. The allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

20. Denied. CSI is without sufficient knowledge or information regarding Plaintiffs' caller ID system(s) and, therefore, CSI denies these allegations, leaving Plaintiffs to their proofs.

21. Denied. CSI denies that it tampered with Plaintiffs' caller ID systems during its placing of telephone calls regarding its attempts to collect the valid and delinquent business debt obligation at issue in this matter. CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

22. Denied. The allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

23. Denied. The allegations contained in this paragraph constitute conclusion of law which are denied as such. CSI refers all questions of law to the Court.

## ANSWER TO FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ON BEHALF OF PLAINTIFFS AND THE MEMBERS OF THE PROPOSED CLASSES

24. No response is necessary to this paragraph as Plaintiffs simply incorporate foregoing allegations in this paragraph. To the extent that a response is required of CSI, CSI incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 23 as though fully set forth herein.

25. Admitted in part and denied in part. CSI admits that Plaintiffs are attempting to bring their current action alleging violations of the FDCPA on behalf of members of four alleged classes of individuals. CSI denies that viable classes of individuals exist in this matter or that Plaintiffs could possibly extend their claims in this matter to purported classes of individuals.

26. Admitted in part and denied in part. CSI admits that Plaintiffs are attempting to define a class of individuals who were left telephonic messages by CSI, where CSI allegedly did not inform each of these individuals that the calls were from a debt collector. CSI denies that Plaintiffs can succeed with this fatally flawed definition.

27. Admitted in part and denied in part. CSI admits that Plaintiffs are attempting to define a class of individuals who were left telephonic messages by CSI, where the messages were allegedly placed to a service which resulted in the debtor being charged for the calls. CSI denies that Plaintiffs can succeed with this fatally flawed definition.

28. Admitted in part and denied in part. CSI admits that Plaintiffs are attempting to define a class of individuals who were left telephonic messages by CSI, where the caller ID was allegedly manipulated to give the false impression that the calls originated from New Jersey. CSI denies that Plaintiffs can succeed with this fatally flawed definition.

29. Admitted in part and denied in part. CSI admits that Plaintiffs are attempting to define a class of individuals who were left telephonic messages by CSI, where CSI allegedly made the calls in attempts to harass and annoy the particular individuals. CSI denies that Plaintiffs can succeed with this fatally flawed definition.

30. Denied. CSI denies that class treatment in this matter is appropriate. CSI responds to sub-paragraphs (A) through (E) as follows:

(A) Denied. CSI denies that the purported classes in this matter will satisfy the numerosity requirement of FRCP 23 as Plaintiffs have failed, and will be unable to show, that any other individual received a voice mail message or experienced a collection attempt which was similar to that which each of the Plaintiffs allegedly received from CSI and which purportedly violated the FDCPA.

(B) Denied. CSI denies that the putative classes of individuals in this matter share any common questions of law or facts with Plaintiffs as alleged in their Complaint and CSI further denies that it violated the FDCPA in its attempts to collect the valid and delinquent business debt obligation at issue in this matter.

8

(C)     Denied.  CSI denies that the individual issue in this case is an issue as to the identification of consumers who received allegedly violative telephonic messages.  To the contrary, Plaintiffs would need to engage in individual investigations on each and every single call made by CSI in a one year period from the date of the filing of the complaint on a state-wide basis to determine whether CSI disclosed that a telephonic message left for a consumer effectively conveyed that the message was from a debt collector.  CSI further responds that it is this very issue that renders class treatment wholly inappropriate, atypical and grossly inferior to individual treatment.

(D)     Denied.  CSI denies that Plaintiffs' claims in this matter are typical of any of the putative class members in this matter and further denies that a class can possibly be established in this matter premised on Plaintiffs' proposed definition.  CSI also denies that the claims of Plaintiffs or any purported class members are based on the same or similar facts or legal theories.

(E)     Denied.  CSI denies that Plaintiffs will be able to fairly or adequately represent the interests of the purported class of individuals in this matter and further denies that Plaintiffs' counsel is adequate to maintain the legal interests of the individuals involved in this matter.  CSI further denies that Plaintiffs' interests are consistent with any of the members of the purported class in this matter.

31. Denied. CSI denies that class treatment is superior to individual treatment of claims at issue in this matter and denies that class treatment of the current matter will constitute the most efficient and fair adjudication of this matter. CSI denies the remaining allegations in this paragraph and leaves Plaintiffs to their respective proofs.

32. Admitted in part and denied in part. CSI admits that Plaintiffs are seeking to certify a class in this matter pursuant to FRCP 23(b)(3). CSI denies that class treatment is appropriate in this matter and denies that Plaintiffs will be able to successfully pursue the current action as a class action. CSI denies the remaining allegations in this paragraph and leaves Plaintiffs to their proofs.

33. Admitted. CSI admits that the content of telephonic messages is to be evaluated by the reasonable least sophisticated consumer standard who possesses the ability to hear and understand the contents of a communication.

### Answer to Violations of the Fair Debt Collection Practices Act

34. Denied. CSI denies that its efforts to recover a valid and delinquent business debt obligation violated the FDCPA. CSI demands strict proof of the broad allegations in this paragraph from Plaintiffs at the time of trial of this matter.

35. Denied. CSI denies that it violated the FDCPA in its efforts to collect a valid and delinquent business debt obligation and denies that Plaintiffs, or any members of the purported classes of individuals in this matter, are entitled to any award of damages absent any violative conduct on

the part of CSI. CSI demands strict proof of the damages sought and the allegations in this paragraph from Plaintiffs at the time of trial of this matter.

### ANSWER TO SECOND CAUSE OF ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

36. No response is necessary to this paragraph as Plaintiffs simply incorporate foregoing allegations in this paragraph. To the extent that a response is required of CSI, CSI incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 as though fully set forth herein.

37. Denied. CSI denies placing 654 telephone calls to Plaintiffs' wireless telephone numbers using an artificial and/or pre-recorded voice without having the proper consent to place messages in its attempts to collect the valid and delinquent business debt obligation at issue in this matter. The remaining allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

38. Denied. CSI denies placing any illegal calls utilizing automatic dialers, predictive dialers, and/or pre-recorded messages in its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI denies the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

39. Denied. CSI denies the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

40. Denied. CSI denies violating the TCPA in its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI further denies that Plaintiffs are entitled to the recovery of any damages in regard to their allegations in the absence of any violative conduct on behalf of CSI. Strict proof of the damages sought and the allegations contained in this paragraph is demanded of Plaintiff at the time of trial of this matter.

41. Denied. CSI denies violating the TCPA in its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI further denies that Plaintiffs are entitled to any damages in regard to their allegations in the absence of any violative conduct on behalf of CSI. Strict proof of the damages sought and the allegations contained in this paragraph is demanded of Plaintiff at the time of trial of this matter.

42. Denied. CSI denies that any of its actions in attempting to collect the valid and delinquent business debt obligation that is at issue in this matter were done with malice, were done willfully, recklessly, or were done with the desire to harm any individual, including Plaintiffs  CSI denies that any of its actions in attempting to collect the valid and delinquent business debt obligation at issue were done with knowledge that any of their collection activity would harm any individual, including Plaintiffs. CSI denies the remaining allegations contained in this paragraph and demands strict proof of these allegations from Plaintiffs at the time of trial of this matter.

43. Denied. CSI denies that it violated the TCPA in its attempts to collect the valid and delinquent business debt obligation that is at issue in this

12

matter and further denies that it did not make any disclosures required under federal law in its attempts to collect the business debt obligation at issue. The remaining allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

44. Denied. The allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

45. Denied. CSI denies that it violated the TCPA in its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter and further denies that it did not make any disclosures required under federal law in its attempts to collect the business debt obligation at issue. CSI denies the remaining allegations contained in this paragraph and demands strict proof of the allegations contained in this paragraph at the time of trial of this matter.

46. Denied. CSI denies disguising or tampering with Plaintiffs' caller ID equipment in its attempts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI denies the remaining allegations contained in this paragraph and demands strict proof of these allegations at the time of trial of this matter.

47. Denied. The allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

### Answer to Violations of the Telephone Consumer Protection Act

48. Denied. CSI denies that its efforts to recover the valid and delinquent business debt obligation that is at issue in this matter violated the TCPA. CSI demands strict proof of the broad allegations in this paragraph from Plaintiffs at the time of trial of this matter. The remaining allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

49. Denied. The allegations contained in this paragraph constitute conclusions of law which are denied as such. CSI refers all questions of law to the Court.

50. Denied. CSI denies that it violated the TCPA in its efforts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI demands strict proof of the allegations contained in this paragraph from Plaintiffs at the time of trial of this matter.

51. Denied. CSI denies that it violated the TCPA in its efforts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI demands strict proof of the allegations contained in this paragraph from Plaintiffs at the time of trial of this matter.

52. Denied. CSI denies that it violated the TCPA in its efforts to collect the valid and delinquent business debt obligation that is at issue in this matter. CSI further denies that Plaintiffs are entitled to any damages in the absence of any violative conduct on the part of CSI. CSI demands strict proof

of the damages sought and the allegations contained in this paragraph from Plaintiffs at the time of trial of this matter.

## ANSWER TO JURY DEMAND

Admitted in part and denied in part. CSI admits that Plaintiffs seek a trial by jury. CSI denies that Plaintiffs have a right to a jury trial in the absence of any viable claims.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead claims against CSI upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The FDCPA only applies to consumer debt obligations which were incurred primarily for personal, family or household purpose and does not apply to debt obligations incurred as a result of business practices. See 15 U.S.C. § 1692a(5); See also National Union Fire Ins. Co. v. Schulman, 1990 U.S. Dist. LEXIS 10409, *3-4 (S.D.N.Y. 1990) citing Staub v. Harris, 626 F.2d 275, 278 (3rd Cir. 1980); Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168-69 (3rd Cir. 1987); Bank of Boston International of Miami v. Arguello Tefel, 644 F. Supp. 1423, 1430 (E.D.N.Y. 1986). As the debt obligation at issue in this matter pertains to an obligation incurred for business purposes and not for personal, family or household purposes, CSI's actions in attempting to collect the valid and delinquent business debt obligation that is at issue in this matter are not subject to the FDCPA and Plaintiffs' First Cause of Action should be dismissed in its entirety.

### THIRD AFFIRMATIVE DEFENSE

In the event that Plaintiffs are able to adequately plead individual claims under the FDCPA, their individual entitlement to statutory damages is capped at $1,000 per action, not per violation.  See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

### FOURTH AFFIRMATIVE DEFENSE

While Plaintiffs seek only statutory recovery, even if CSI violated the FDCPA, which is denied, Plaintiffs did not incur any actual damages as a result of the alleged conduct of CSI.

### FIFTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate class representatives for this matter.

### SEVENTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are atypical of the prospective classes' claims. The claims of Plaintiffs are not typical of the classes' claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs class claims lack requisite numerosity.

### TENTH AFFIRMATIVE DEFENSE

Any violation of the FDCPA by CSI, which CSI denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### ELEVENTH AFFIRMATIVE DEFENSE

The calls that were placed by CSI in its efforts to collect the valid and delinquent business debt obligation that is at issue in this matter are specifically exempted from liability under the TCPA through order of the Federal Communications Commission as the calls were intended solely for the collection of the business debt obligation and for no other purpose. See Santino v. NCO Fin. Sys., 2011 U.S. LEXIS 18185 (W.D.N.Y. 2011)

(prerecorded calls intended solely for the collection of a debt—even calls received by non-debtors—are specifically exempted from the TCPA's coverage by rule and order of the FCC.) See also Meadows v. Franklin Collection Service, Inc., 2010 U.S. Dist. LEXIS 72340 (N.D. Ala. June 25, 2010); Pugliese v. Professional Recovery Service, Inc., 2010 U.S. Dist. LEXIS 64111 (E.D. Mi. June 29, 2010) (citing Bates v. I.C. Systems, Inc., 2009 U.S. Dist. LEXIS 96488 (W.D.N.Y., Oct.19, 2009)). Plaintiffs cannot maintain a viable cause of action pursuant to the TCPA against CSI due to the fact that the calls that were made by CSI in its attempts to collect the business debt at issue are excluded from the TCPA's coverage as the calls were intended solely for the collection of the debt at issue and for no other purpose.

**WHEREFORE**, Defendant, Client Services, Inc., respectfully requests that this Answer be deemed good and sufficient, that Plaintiffs' lawsuit be dismissed, with prejudice, at Plaintiffs' cost, and that Plaintiffs be ordered to pay reasonable attorney's fees and costs incurred by CSI.

Dated: New York, New York
      January 11, 2012

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN & GOGGIN, P.C.

                        By:       /s/
                            R. David Lane Jr. (RL 2806)
                            Attorneys for Defendant
                            Client Services, Inc.
                            140 Broadway, 19th Floor
                            New York, New York 10005
                            (212) 878-1700

TO:
    Adam J. Fishbein, Esq.
    Attorney for Plaintiffs
    483 Chestnut Street
    Cedarhurst, New York 11516
    (516) 791-4400